UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES SHAFER,

      Plaintiff,

      v.

DEPUTY SHERIDAN,

      Defendant.

CASE NO. C07-788-JCC-JPD

REPORT & RECOMMENDATION

## INTRODUCTION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an action pursuant to 42 U.S.C. § 1983. He alleges that during the course of his arrest, he was bitten by a police dog under the control of King County Deputy Peter Sheridan, whom he names as a defendant here.[1] Defendant has filed a motion for summary judgment. Plaintiff has not filed a response. Having considered defendant's motion and the declarations submitted in support thereof, the Court concludes that defendant's motion for summary judgment should be granted.

## BACKGROUND

The declarations submitted by defendant in support of his motion for summary judgment establish the following facts, which are uncontested by plaintiff:

On the evening of January 29, 2007, Deputy Sheridan and his police dog "Jetson," were on

---

[1] The Clerk's Office has inadvertently listed the King County Sheriff's Office as a defendant in this action. However, plaintiff makes no allegations against the Office and the Clerk is directed to delete the Office as a defendant.

REPORT & RECOMMENDATION
PAGE - 1

1 duty when they heard over the radio that other deputies were pursuing a suspect in a high speed

2 vehicle chase. (Dkt. No. 20 at 3). Deputy Sheridan heard that the suspect's vehicle had been stopped

3 by "spike strips" set out by deputies. (*Id*.) Deputy Sheridan drove to the scene and learned that the

4 suspect, who had a warrant for his arrest, had eluded deputies and had fled by foot into a wooded

5 area. (*Id*.)

6 Deputy Sheridan and Jetson followed the suspect, who was later shown to be the plaintiff,

7 James Shafer, into the woods. Jetson tracked plaintiff's scent and soon found him, hiding between

8 logs and a creek. (*Id*.) As Deputy Sheridan describes it, Jetson "made contact and attempted to pull

9 the suspect from his hiding place as he is trained to do." (*Id*.) Another deputy arrived and placed

10 plaintiff under arrest. During the course of the arrest, Deputy Sheridan slipped and inadvertently

11 "made contact with Jetson's hind quarters." (*Id*. at 4). Jetson interpreted this as "a command to

12 again contact the suspect, which he did by briefly grabbing the suspect's jacket." Deputy Sheridan

13 estimates that this contact lasted for only a few seconds, before he called Jetson off. (*Id*.)

14 Plaintiff was treated by aid personnel at the scene. (*Id*.) Later that night, when he was booked

15 into the King County Jail, he was examined by a nurse named Karen Sloane. (Dkt. No. 21 at 1).

16 Nurse Sloane determined that plaintiff had a "superficial dog bite" and treated it by cleaning the

17 wound and dressing it with a Band-Aid. (*Id*. at 2).

18 On May 23, 2007, plaintiff submitted the instant complaint pursuant to 42 U.S.C. §1983.

19 (Dkt. No. 1). The Court granted plaintiff leave to amend his complaint to cure deficiencies. (Dkt. No.

20 8). On June 26, 2007, plaintiff filed an amended complaint. (Dkt. No. 10). The Court dismissed two

21 defendants and directed the Clerk to serve the complaint on the remaining defendant. (Dkt. No. 11).

22 Defendant filed his answer on August 30, 2007. (Dkt. No. 15).

23 The Court issued an Order on Septmber 10, 2007, setting deadlines for discovery and

24 dispositive motions. (Dkt. No. 16). In that Order, the Court advised plaintiff as follows:

25 **When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot**
26 **simply rely on what your complaint says**. Instead, you must set out specific

REPORT & RECOMMENDATION
PAGE - 2

> facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

(Dkt. No. 16 at 3, citing *Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998) (emphasis added)).

Defendant filed a motion for summary judgment on December 13, 2007. (Dkt. No. 18). The motion is supported by declarations from Deputy Sheridan and Nurse Sloane. (Dkt. Nos. 20 & 21). Plaintiff has not filed a response and the matter is now ready for review.

## DISCUSSION

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). In addition, "[w]hen the nonmoving party relies only upon its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

The Ninth Circuit Court of Appeals has articulated the following framework to analyze claims of excessive force during an arrest:

> We analyze excessive force claims in the arrest context under the Fourth Amendment's reasonableness standard. We balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake and ask whether, under the circumstances, including

REPORT & RECOMMENDATION
PAGE - 3

> the severity of the crime at issue, the suspect poses an immediate threat to the safety of the officers or others, or whether he is actively resisting arrest or attempting to evade arrest by flight. The reasonableness inquiry is objective, without regard to the officer's good or bad motivations or intentions. We judge reasonableness from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight and allow for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.

*Billington v. Smith*, 292 F.3d 1177, 1184 (9th Cir. 2002) (footnotes and quotations omitted).

Under the above standard, plaintiff simply has not shown that a triable issue of fact exists that would hold Deputy Sheridan liable for excessive force. He has submitted no evidence that supports his claim that his injury was intentionally inflicted. Defendant, on the other hand, has submitted uncontroverted evidence that Deputy Sheridan's actions in directing Jetson were a reasonable effort to track down a fleeing suspect. While it is regrettable that Deputy Sheridan slipped and bumped into Jetson, precipitating an unnecessary "contact" with plaintiff, this event appears to be nothing more than an accident or, at most, an act of negligence. As such, it does not rise to the level of a constitutional violation. *See Farmer v. Brennan,* 511 U.S. 825, 835-37 (1994).

Accordingly, the Court concludes that plaintiff has not satisfied his burden of showing that a genuine issue of material fact exists regarding his claim that Deputy Sheridan used excessive force during his arrest. Consequently, the Court recommends that defendant's motion for summary judgment be granted.

## CONCLUSION

For the foregoing reasons, the Court recommends that defendant's motion for summary judgment be granted and that this action be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 18th day of January, 2008.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT & RECOMMENDATION
PAGE - 4